101 F.3d 1393
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Josefina Del Valle HERNANDEZ, Plaintiff-Appellant,
v.
The NEW YORK CITY LAW DEPARTMENT CORPORATION COUNSEL; The
City of New York; Bonnie Bornstein; Allyson Piscitelli;
Eugene Borenstein; Edward I. Lieberman; Felicia
Dunn-Jones, Defendants-Appellees.
 No. 96-7156.
 United States Court of Appeals, Second Circuit.
 Aug. 14, 1996.
 
 Josefina Del Valle Hernandez, pro se, appeals from a January 23, 1996 order of the United States District Court for the Southern District of New York (Knapp, J.), denying her application for a temporary restraining order and preliminary injunction. Hernandez sought to gain custody of her nieces and nephews and to bar the commencement of adoption proceedings in Bronx Family Court.
 Appearing for Appellant: Josefina Del Valle Hernandez, pro se, Bronx, NY.
 Appearing for Appellee: Stephanie Freeman Goldstein, Assistant Corporation Counsel, City of New York Law Department, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Present MESKILL, CALABRESI, PARKER, Circuit Judges.
 
 ORDER
 
 1
 We review the district court's denial of injunctive relief for abuse of discretion. Int'l Broth. of Teamsters v. Local Union No. 810, 19 F.3d 786, 789 (2d Cir.1994). Since Hernandez's allegation that the state adoption proceeding is being conducted in bad faith was unsupported by the record, and since this case clearly meets the requirements for Younger abstention outlined in Hansel v. Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir.), cert. denied, 116 S.Ct. 572 (1995), the district court was correct in ruling that the Younger doctrine prohibits the federal courts from enjoining the adoption proceeding. See Younger v. Harris, 401 U.S. 37 (1971); Williams v. Lambert, 46 F.3d 1275, 1282 (2d Cir.1995). Nor could the district court issue an order awarding Hernandez custody of her sister's children, because, under Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923), the district court lacked jurisdiction to do so.
 
 
 2
 We have examined all of Hernandez's contentions and found them to be without merit. We find that the district court did not abuse its discretion by denying Hernandez's request for injunctive relief, and its judgment is affirmed.